

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–14–990

| | |
|---|---|
| EDWARD LOCKHART<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** September 16, 2015<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO.63CR-13-703-3]<br><br>HONORABLE GRISHAM PHILLIPS, JUDGE<br><br>REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; REBRIEFING ORDERED |

## BRANDON J. HARRISON, Judge

Edward Lockhart appeals his convictions for DWI Sixth Offense and Refusal to Submit to a Chemical Test. He argues that the circuit court erred in (1) denying his directed verdict motions, (2) refusing to suppress evidence obtained in an unlawful traffic stop, (3) denying his posttrial motions, (4) denying his motion to dismiss for lack of jurisdiction, and (5) allowing evidence of prior convictions. We remand for the record to be settled and supplemented; and we also order rebriefing.

The sufficiency of the evidence is an issue in this appeal. During the trial, the jury viewed audio and video footage of the police stopping Lockhart's car and conducting field-sobriety tests. The court admitted this footage as State's Exhibit No. 2. Lockhart also made recorded statements to a police officer at the Bryant Police Department after he

was arrested, allegedly without the benefit of *Miranda* warnings. A video recording of this interaction was admitted as State's Exhibit 5. State's Exhibits 2 and 5 were played for the jury at trial over Lockhart's objections. The record, however, contains no transcript of what was said during the videos although there is an audio component to them. One digital copy (a DVD) of each of the videos was attached to the record, but no DVDs were included in Lockhart's addendum.

We must remand for the circuit court to supply us with a transcript of the statements made on the videos. Unless waived on the record by the parties, Arkansas Supreme Court Administrative Order No. 4(a) requires circuit courts to create a verbatim record of all proceedings pertaining to any contested matter before the court or the jury. Here, there is no indication that the parties waived the making of an official transcription of these recorded statements. We therefore remand this case so the circuit court can require that verbatim transcriptions be made of the recordings played at trial. The appeal record must then be supplemented with the transcriptions within thirty days of this opinion. *See Patton v. State*, 2013 Ark. App. 131.

There is a second reason to remand. Although the jury convicted Lockhart for refusing the breathalyzer test, it apparently did not sentence Lockhart on that charge. The sentencing order is silent on that count, and the record has no second-stage jury-verdict form showing that the jury recommended a sentence. On remand, the circuit court needs to clarify its sentencing order and settle the record on this point.

Regarding the briefing, there are addendum and abstract problems. Lockhart's addendum is missing copies of all of the prior convictions upon which the State based its

SLIP OPINION

prosecution for DWI Sixth Offense. Nor does it include the DVDs that we mentioned earlier. The abstract issue relates to Lockhart's argument that the court erred in denying his posttrial motions. Lockhart did not abstract the posttrial hearing where the circuit court considered these motions, and he should have done so. We encourage Lockhart to review our rules before filing his substituted abstract, brief, and addendum and to cure any other deficiencies or inaccuracies.

We direct Lockhart to file a substituted abstract, brief, and addendum that supplies the needed material within fifteen days after the trial record is settled and the supplemental record is filed.

Remanded to settle and supplement the record; rebriefing ordered.

ABRAMSON and BROWN, JJ., agree.

*Jones Law Firm*, by: *F. Parker Jones III*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.